NO. 07-05-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 2, 2005
_____

MARCEL DOMINIQUE MCARTHUR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 27TH DISTRICT COURT OF BELL COUNTY;

NO. 53413; HONORABLE MARTHA J. TRUDO, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Marcel Dominique McArthur appeals from an adjudication of guilt for the offense of aggravated assault with a deadly weapon and punishment of confinement for 20 years. We affirm.

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon. Pursuant to a plea agreement with the State, appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found that the evidence substantiated appellant's guilt, followed the plea agreement and, on March 19,

2003, deferred adjudication of appellant and placed appellant on community supervision for 10 years. Appellant did not appeal from the proceedings.

On September 9, 2004, the State filed a Motion to Proceed With Adjudication of Guilt on Original Charge. A hearing on the motion was conducted on November 17, 2004. Appellant pled true to allegations contained in paragraphs C through L of the motion. Appellant pled not true to the allegations in paragraphs A and B of the motion, but the trial court found those allegations to be true. Following a separate punishment hearing, the court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for 20 years.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. Counsel has concluded the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is frivolous, counsel identifies one possible issue. That issue is the denial of appellant's right of confrontation and cross-examination by the admission of an out-of-court testimonial statement of a co-actor. However, after referencing, analyzing and discussing the trial record, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W 2d 807, 813 (Tex.Crim.App. 1978).

Counsel's brief demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal.

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.